# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR L. FLORES, | Case No.: 1:21-cv-00054-NONE-JLT (HC) |
| Petitioner, | FINDINGS AND RECOMMENDATIONS TO DENY PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| NEIL MCDAWELL, | [THIRTY-DAY OBJECTION DEADLINE] |
| Respondent. | |

Petitioner is currently serving a sentence of eighteen years, after nolo contendere pleas to driving under the influence causing bodily injury, firearm possession by a felon, and failure to appear, with a prior robbery conviction. He filed the instant habeas petition challenging the conviction and sentence. As discussed below, the Court finds the claims to be without merit and recommends the petition be **DENIED**.

## I. PROCEDURAL HISTORY

Per a bargain, Petitioner pled to driving under the influence causing bodily injury (no. 1474083) and felon possession of a firearm (no. 1491980), with a prior strike, for a reduced term if he appeared for sentencing as ordered, but he did not appear as ordered. (Doc. 18 at 5; People v. Flores, No. F079405, 2020 Cal. App. Unpub. LEXIS 2119, at *2-3 (Apr. 2, 2020).) Petitioner appealed to the California Court of Appeal, Fifth Appellate District ("Fifth DCA"). The Fifth DCA modified the judgment to reduce the great bodily injury enhancement in case number 1474083 from six years to

1

three years and affirmed the judgment in all other respects. People v. Flores, No. F079405, 2020 Cal. App. Unpub. LEXIS 2119, at *5. Petitioner filed a first amended habeas petition on February 18, 2021. (Doc. 10.) Respondent filed its answer on April 12, 2021. (Doc. 18.) Petitioner filed a traverse on June 14, 2021. (Doc. 21.)

## II. FACTUAL BACKGROUND

The Court adopts the Statement of Facts in the Fifth DCA's unpublished decision[1]:

> On December 5, 2013, after Oscar Lopez Flores (defendant) had consumed methamphetamine and marijuana, he struck a pedestrian with a motor vehicle. Methamphetamine and a marijuana pipe were found in defendant's possession.
>
> In an information for case No. 1474083 filed on December 22, 2014, defendant was charged with driving under the influence and causing bodily injury to another person (Veh. Code, § 23153, subd. (a) [count I]), possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a) [count II]), and possession of drug paraphernalia (*id.*, former § 11364.1, subd. (a) [count III]). As to count I, it was alleged he personally inflicted great bodily injury (Pen. Code, § 12022.7, subd. (a)); was previously convicted of robbery, a qualifying "strike" offense (§ 667, subd. (d)) and serious felony (§ 667, subd. (a)); and served a prior separate prison term (§ 667.5, subd. (b)).
>
> On September 11, 2015, defendant was a passenger in a motor vehicle searched by law enforcement. A firearm was discovered underneath defendant's seat and methamphetamine was found on his person.
>
> In a complaint for case No. 1491980 filed on September 17, 2015, defendant was charged with possession of a firearm by a convicted felon (§ 29800, subd. (a)(1) [count I]) and possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a) [count IV]). As to count I, it was alleged he committed the offense while he was on bail in connection with case No. 1474083 (§ 12022.1); was previously convicted of robbery, a qualifying "strike" offense (§ 667, subd. (d)); and served a prior separate prison term (§ 667.5, subd. (b)).
>
> On September 21, 2017, defendant and the prosecution negotiated a plea agreement. With respect to case No. 1474083, defendant pled nolo contendere to count I and admitted the truth of the special allegations. If defendant appeared at the sentencing hearing with no new violations or arrests, the prosecution would strike the prior serious felony enhancement, inter alia. With respect to case No. 1491980, defendant pled nolo contendere to count I and admitted he committed the crime while he was on bail and was previously convicted of a qualifying "strike" offense.
>
> On February 26, 2018, defendant did not appear in court.
> In an information for case No. CR-18-000364 filed on March 5, 2019, defendant was charged with willful failure to appear while on bail (§ 1320.5). It was further alleged he committed this offense while he was on bail in connection with case Nos. 1491980 and 1474083 (§ 12022.1); was previously convicted of robbery, a qualifying "strike" offense (§ 667, subd. (d)); and served a prior separate prison term (§ 667.5, subd. (b)). On May 30, 2019, defendant pled nolo contendere and admitted he

---

[1] The Fifth DCA's summary of facts in its unpublished opinion is presumed correct. 28 U.S.C. §§ 2254(d)(2), (e)(1). Therefore, the Court will adopt the Fifth DCA's summary of the facts. Moses v. Payne, 555 F.3d 742, 746 (9th Cir. 2009).

2

> committed the crime while he was on bail in connection with case Nos. 1491980 and 1474083 and was previously convicted of a qualifying "strike" offense. He waived referral to the probation department for a presentence report and agreed to be sentenced immediately.
>
> In case No. 1474083, the court imposed a 15-year sentence: a doubled middle term of four years on count I, designated as the "principal term," plus six years for the great bodily injury enhancement and five years for the prior serious felony enhancement. The court struck the prior prison term enhancement. In case No. 1491980, the court imposed a consecutive 16-month term. In case No. CR-18-000364, it imposed a consecutive 16-month term plus four years for the two out-on-bail enhancements. Defendant received an aggregate sentence of 21 years eight months.

People v. Flores, 2020 Cal. App. Unpub. LEXIS 2119, at *1-4.

### III. DISCUSSION

#### A. Jurisdiction

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 n. 7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the United States Constitution. The challenged conviction arises out of the Stanislaus County Superior Court, which is located within the jurisdiction of this court. 28 U.S.C. § 2254(a); 28 U.S.C.§ 2241(d).

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320 (1997) (holding the AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed after the enactment of the AEDPA and is therefore governed by its provisions.

#### B. Legal Standard of Review

A petition for writ of habeas corpus under 28 U.S.C. § 2254(d) will not be granted unless the petitioner can show that the state court's adjudication of his claim: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade, 538 U.S. 63, 70-71 (2003); Williams, 529

U.S. at 412-413.

A state court decision is "contrary to" clearly established federal law "if it applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases, or "if it confronts a set of facts that is materially indistinguishable from a [Supreme Court] decision but reaches a different result." Brown v. Payton, 544 U.S. 133, 141 (2005) (citing Williams, 529 U.S. at 405-406).

In Harrington v. Richter, 562 U.S. 86, 101 (2011), the U.S. Supreme Court explained that an "unreasonable application" of federal law is an objective test that turns on "whether it is possible that fairminded jurists could disagree" that the state court decision meets the standards set forth in the AEDPA. The Supreme Court has "said time and again that 'an unreasonable application of federal law is different from an incorrect application of federal law.'" Cullen v. Pinholster, 563 U.S. 170, 203 (2011). Thus, a state prisoner seeking a writ of habeas corpus from a federal court "must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility of fairminded disagreement." Harrington, 562 U.S. at 103.

The second prong pertains to state court decisions based on factual findings. Davis v. Woodford, 384 F.3d 628, 637 (9th Cir. 2003) (citing Miller-El v. Cockrell, 537 U.S. 322 (2003)). Under § 2254(d)(2), a federal court may grant habeas relief if a state court's adjudication of the petitioner's claims "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Wiggins v. Smith, 539 U.S. 510, 520 (2003); Jeffries v. Wood, 114 F.3d 1484, 1500 (9th Cir. 1997). A state court's factual finding is unreasonable when it is "so clearly incorrect that it would not be debatable among reasonable jurists." Jeffries, 114 F.3d at 1500; see Taylor v. Maddox, 366 F.3d 992, 999-1001 (9th Cir. 2004), *cert.denied*, Maddox v. Taylor, 543 U.S. 1038 (2004).

To determine whether habeas relief is available under § 2254(d), the federal court looks to the last reasoned state court decision as the basis of the state court's decision. See Ylst v. Nunnemaker, 501 U.S. 979, 803 (1991); Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir. 2004). "[A]lthough we independently review the record, we still defer to the state court's ultimate decisions." Pirtle v. Morgan, 313 F.3d 1160, 1167 (9th Cir. 2002).

1    The prejudicial impact of any constitutional error is assessed by asking whether the error had
2    "a substantial and injurious effect or influence in determining the jury's verdict." Brecht v.
3    Abrahamson, 507 U.S. 619, 623 (1993); see also Fry v. Pliler, 551 U.S. 112, 119-120 (2007) (holding
4    that the Brecht standard applies whether or not the state court recognized the error and reviewed it for
5    harmlessness).

   C.    Review of Petition

   The petition presents the following claims for relief: (1) That the trial court abused its discretion by refusing to withdraw his no contest plea; and (2) That defense counsel rendered ineffective assistance.

   1.    Abuse of Discretion

   *a.    Legal Standard and Analysis*

   Generally, issues of state law are not cognizable on federal habeas. Estelle v. McGuire, 502 U.S. 62, 67, (1991) ("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law'") (quoting Lewis v. Jeffers, 497 U.S. 764, 780 (1990)); Gilmore v. Taylor, 508 U.S. 333, 348-49 (1993) (O'Connor, J., concurring) ("mere error of state law, one that does not rise to the level of a constitutional violation, may not be corrected on federal habeas").

   Petitioner alleges that the trial court abused its discretion by refusing to withdraw his no contest plea. (Doc. 10 at 2-4.) As Respondent discusses, Petitioner attempts to use language to "federalize a claim based on state law." (Doc. 18 at 6.) The Court agrees Petitioner raises a state law claim, *i.e.*, an abuse of discretion regarding the application of state laws and regulations, and, generally, issues of state law are not cognizable on federal habeas review. Estelle v. McGuire, 502 U.S. 62, 67 (1991) ("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.'"), *quoting* Lewis v. Jeffers, 497 U.S. 764, 780 (1990); Gilmore v. Taylor, 508 U.S. 333, 348-349 (1993) (O'Connor, J., concurring) ("mere error of state law, one that does not rise to the level of a constitutional violation, may not be corrected on federal habeas").

   Even assuming that a federal claim could be stated, it would fail on the merits. As detailed by the Respondent, per a bargain, Petitioner pled to driving under the influence causing bodily injury and being a felon possession of a firearm, with a prior strike, for a reduced term if he appeared for

sentencing as ordered. (Doc. 18 at 5; <u>People v. Flores</u>, 2020 Cal. App. Unpub. LEXIS 2119, at *2.) Petitioner did not appear in court as ordered. (Doc. 18. at 5; <u>People v. Flores</u>, 2020 Cal. App. Unpub. LEXIS 2119, at *2-3.) Petitioner then moved to withdraw his pleas based on a form declaration by Okori Okorocha that impairment does not necessarily follow methamphetamine use and Petitioner's declaration that if he had known of Okorocha's opinion, he would not have accepted the plea bargain. (Doc. 18 at 5; Doc. 17-2 at 71-87.) The court held an evidentiary hearing, and Okorocha was not there to testify, so his purported statements were excluded. (Doc. 18 at 5; Doc. 17-3 at 40-43, 74, 76, 78.) The court ruled there was no proof he had been available for trial and no showing his opinion would have been admissible at trial. (Doc. 18 at 5; Doc. 17-3 at 76-77.) The court found factually false Petitioner's assertion that he would not have pled if he had known Okorocha's opinion. (Doc. 18 at 5; Doc. 17-3 at 83.) The motion was denied. (Doc. 18 at 5; Doc. 17-3 at 85.) The record provides a sufficient basis for the trial court's decision to deny the Petitioner's motion to withdraw his pleas. Accordingly, the state court's adjudication of this issue was objectively reasonable. Therefore, the claim should be denied.

        2.      <u>Ineffective Assistance of Counsel</u>

            a.      *Legal Standard and Analysis*

Effective assistance of counsel is guaranteed by the Due Process Clause of the Fourteenth Amendment. <u>Evitts v. Lucey</u>, 469 U.S. 387, 391-405 (1985). Claims of ineffective assistance of counsel are reviewed according to <u>Strickland's</u> two-pronged test. <u>Strickland v. Washington</u>, 466 U.S. 668, 687-88 (1984); <u>Miller v. Keeney</u>, 882 F.2d 1428, 1433 (9th Cir. 1989); <u>United States v. Birtle</u>, 792 F.2d 846, 847 (9th Cir.1986); <u>see also</u> <u>Penson v. Ohio</u>, 488 U.S. 75(1988) (holding that where a defendant has been actually or constructively denied the assistance of counsel altogether, the <u>Strickland</u> standard does not apply and prejudice is presumed; the implication is that <u>Strickland</u> does apply where counsel is present but ineffective).

To prevail, Petitioner must show two things. First, he must establish that counsel's deficient performance fell below an objective standard of reasonableness under prevailing professional norms. <u>Strickland</u>, 466 U.S. at 687-88. Second, Petitioner must establish that he suffered prejudice in that there was a reasonable probability that, but for counsel's unprofessional errors, he would have

prevailed at trial. Id. at 694. A "reasonable probability" is a probability sufficient to undermine confidence in the outcome of the trial. Id. The relevant inquiry is not what counsel could have done; rather, it is whether the choices made by counsel were reasonable. Babbitt v. Calderon, 151 F.3d 1170, 1173 (9th Cir. 1998).

With the passage of the AEDPA, habeas relief may only be granted if the state-court decision unreasonably applied this general Strickland standard for ineffective assistance. Knowles v. Mirzayance, 556 U.S. 111, 122 (2009). Accordingly, the question "is not whether a federal court believes the state court's determination under the Strickland standard "was incorrect but whether that determination was unreasonable–a substantially higher threshold." Schriro v. Landrigan, 550 U.S. 465, 473 (2007); Knowles, 556 U.S. at 123. In effect, the AEDPA standard is "doubly deferential" because it requires that it be shown not only that the state court determination was erroneous, but also that it was objectively unreasonable. Yarborough v. Gentry, 540 U.S. 1, 5 (2003). Moreover, because the Strickland standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard. See Yarborough v. Alvarado, 541 U.S. 652, 664 (2004) ("[E]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations.")

Petitioner argues that counsel was ineffective for failing to conduct a reasonable pre-trial investigation that resulted in Petitioner being convicted based on a guilty plea. (Doc. 10 at 4-5.) Petitioner's allegations for this claim relate to the entry of his plea, however, as previously discussed, Petitioner fails to demonstrate that the state court's adjudication of this issue was objectively reasonable. Petitioner fails to show that counsel erred or that the error resulted in any prejudice. The claim should be rejected.

**IV.     RECOMMENDATION**

Accordingly, the Court RECOMMENDS that the Petition for Writ of Habeas Corpus be DENIED with prejudice on the merits.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the

7

Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty days after being served with a copy of this Findings and Recommendation, Petitioner may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **June 24, 2021**  /s/ Jennifer L. Thurston
CHIEF UNITED STATES MAGISTRATE JUDGE